IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

STEVE GORDON, )
)
    Plaintiff, )   CASE NO.:
)
vs. )
)
TITLEMAX OF GEORGIA, INC. )
d/b/a TITLEBUCKS )
)
    Defendant. )
_____)

## COMPLAINT FOR INJUNCTIVE RELIEF
## AND DAMAGES UNDER THE FAIR DEBT COLLECTION ACT

COMES NOW, Plaintiff, STEVE GORDON, by and through his undersigned counsel, and hereby files this Complaint for Injunctive Relief and Damages under the Fair Debt Collection Act against the Defendant, TITLEMAX OF GEORGIA, INC. d/b/a TITLEBUCKS (hereinafter "TITLEBUCKS"), and as grounds therefore states:

1. This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k ("Act"), for injunctive relief, damages, and other appropriate relief.

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 15 U.S.C. § 1692k(d). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this District under 28 U.S.C. § 1391(b).

3. The Plaintiff is a private citizen of the State of Georgia, whose address is 117 Heritage Drive, Thomasville, Georgia 31792.

4. Defendant is a for-profit business operating in the State of Georgia, with a business address of 619 West 7th Street, Tifton, Georgia 31794. Defendant appears to

have some business relationship with TitleMax. At this time, the extent of that relationship is unknown.

5. In approximately July, 2011, Defendant, through its agents, began contacting Plaintiff in an attempt to collect a debt. Defendant, perhaps mistakenly, believed that Plaintiff's cell phone number belonged to one Ms. Mary Adams, to whom the debt belonged.

6. During the initial contact in or around July, 2011, Plaintiff advised Defendant's agent immediately that the cell phone number did not belong to Ms. Adams, that it belonged to Plaintiff, and that Plaintiff did not know Ms. Adams and was not responsible for her debt. Plaintiff requested that Defendant no longer contact Plaintiff, as Plaintiff owed no debt to Defendant.

7. Defendant continued to contact Plaintiff after the initial call in or around July, 2011, in an attempt to collect Ms. Adams' debt. Plaintiff continued to advise Defendant that it was calling the wrong number, that Plaintiff did not know Ms. Adams, and that Plaintiff was not responsible for the debt.

8. On July 30, 2012, Plaintiff, this time through legal counsel, wrote to Plaintiff and advised that he "received numerous harassing phone calls from you on his cell phone, number (229) 672-0400." Plaintiff demanded that Defendant "cease and desist all contact with Mr. Gordon …." A copy of the letter is attached as Exhibit "A."

9. Defendant continued to contact Plaintiff after the July 30, 2012 letter. For example, Defendant again contacted Plaintiff on May 21, 2013, to collect on Ms. Adams' debt.

10. Plaintiff contacted the Georgia Governor's Office of Consumer Protection,

via letter dated September 10, 2012, through legal counsel, and requested that the Office of Consumer Protection "investigate Title Bucks' business practices, prohibit Title Bucks from calling Mr. Gordon or any person's unauthorized cell phone, and impose any applicable fines and/or sanctions on Title Bucks." A copy of the letter is attached as Exhibit "B."

11. The Office of Consumer Protection responded to Plaintiff's letter via letter dated October 12, 2012. Attached to the Office of Consumer Protection's letter was a letter from TitleMax. A copy of these two letters is attached as Composite Exhibit "C."

12. The Act provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

13. Defendant's conduct, the repeated phone calls to Plaintiff notwithstanding Defendant's knowledge that Plaintiff is not responsible for Ms. Adam's debt, violates the act, in that this conduct has resulted in the natural consequence of harassing, oppressing, and abusing Plaintiff in connection with the attempted collection of Ms. Adam's debt.

14. The Act provides, at 15 U.S.C. § 1692k, remedies to the Plaintiff and for attorney's fees as follows:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
> (1) any actual damage sustained by such person as a result of such failure;
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
> (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and
> (3) in the case of any successful action to enforce the foregoing liability,

the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15. The Plaintiff has hired the law firm of Sundstrom, Friedman & Fumero, LLP ("SFF") and is obligated to pay SFF a reasonable attorneys' fees.

WHEREFORE, Plaintiff, STEVE GORDON, respectfully requests that this Court enter an Order:

1. Requiring the Defendant to immediately cease and desist any further contact with Plaintiff regarding the attempted collection of any debt;

2. Awarding Plaintiff damages;

3. Awarding Plaintiff its costs and reasonable attorneys' fees incurred in this action; and

4. Granting such other relief as the Court may deem just and proper.

Respectfully submitted this 30 day of August, 2013.

John L. Wharton
Georgia Bar No. 750838
jwharton@sfflaw.com
Sundstrom, Friedman & Fumero, LLP
2548 Blairstone Pines Drive
Tallahassee, Florida 32301
Telephone (850) 877-6555
Facsimile (850) 656-4029